IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RICHARD FRANCIS REISINGER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CV-1168-O |
| | § | |
| BOBBY LUMPKIN, Director, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## **OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Petitioner, Richard Francis Reisinger, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time barred.

## **I. BACKGROUND**

In 2015 Petitioner was indicted in Tarrant County, Texas, Case No. 1417577D, on one count of arson. SHR01[1] 5, ECF No. 16-3. On May 23, 2016, Petitioner entered an open plea of guilty to the offense and, on July 29, 2016, after preparation of a presentence investigation report, the trial court placed Petitioner on five years' deferred adjudication community supervision. *Id.* at 6, 56. Petitioner did not appeal the order of deferred adjudication. The state subsequently moved to adjudicate Petitioner's guilt based on alleged violations of the conditions of his community supervision. *Id.* at 64–65. On August 11, 2017, Petitioner pleaded true to the allegations and, after

---

[1]"SHR01," "SHR02," and "SHR03" refer to the record in Petitioner's state habeas proceedings in WR-90,191-01, WR-90,191-02, and WR-90,191-03, respectively.

a hearing, the trial court found the allegations to be true, adjudicated Petitioner's guilt, and assessed his punishment at seven years' confinement. *Id.* at 10. Petitioner did not appeal the judgment adjudicating guilt.[2] On January 15, 2019, Petitioner filed the first of three postconviction state habeas-corpus applications challenging the original plea proceedings and/or the adjudication proceedings, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court.[3] *Id.* at 32; Action Taken, ECF No. 16-1. The second, filed on November 8, 2019, was dismissed by the Texas Court of Criminal Appeals as a subsequent application under article 11.07, § 4 of the Texas Code of Criminal Procedure. SHR02 35, ECF No. 16-5; Action Taken, ECF No. 16-4. And, the third, filed on February 17, 2020, was also dismissed by the Texas Court of Criminal Appeals as a subsequent application under article 11.07, § 4. SHR03 33, ECF No. 16-7; Action Taken, ECF No. 16-6. This federal petition for federal habeas relief was filed on October 19, 2020.[4] Pet. 10, ECF No. 1.

## II. ISSUES

Petitioner raises the following grounds for relief:

(1) incompetency to stand trial;
(2) ineffective assistance of counsel;
(3) "2dn [sic] or 23rd amendment violation"; and

---

[2]Although Petitioner indicates in his petition that he appealed the judgment adjudicating guilt, the Texas courts' website does not indicate that an appeal was ever filed. TEXAS JUDICIAL BRANCH, http://www.txcourts.gov (last visited May 5, 2021). Instead, it indicates only that Petitioner filed three state habeas applications following the adjudication of guilt, the most recent of which was dismissed on July 29, 2020, the date he indicates that his "appeal" was dismissed.

[3]A state prisoner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's applications do not provide that information. Therefore, for purposes of this opinion, each document is deemed filed on the date it was signed or notarized, whichever is later.

[4]A federal prisoner's pro se federal habeas petition is also deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner's federal petition does not provide that information. Therefore, for purposes of this opinion, the petition is deemed filed on the date it was signed.

   (4)  double jeopardy.

Pet. 6–7, ECF No. 1.

  Petitioner's grounds are vague and ambiguous, with little to no factual or legal development, and do not specify whether the claims relate to the original plea proceedings or the adjudication proceedings. Respondent asserts that the petition is barred by the federal statute of limitations or, in the alternative, that one or more of the grounds are unexhausted and procedurally barred from federal habeas review. Pet'r's Answer 1, 4–5, ECF No. 15.

## II. LIMITATIONS

  Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

To the extent Petitioner's claims relate to the original plea proceedings in 2016, the one-year limitations period began to run under subsection (A), applicable in this case, on the date the order of deferred adjudication became final upon expiration of the time that Petitioner had for filing a notice of appeal on Monday, August 29, 2016,[5] and expired one year later on August 29, 2017, absent any tolling. *See* TEX. R. APP. P. 26.2(a)(1); *Caldwell v. Dretke,* 429 F.3d 521, 530 (5th Cir. 2005). Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's postconviction state habeas applications, all of which were filed after the limitations period had expired, did not operate to toll limitations for purposes of § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, Petitioner's federal petition filed on October 19, 2020, is time barred as to any such claims unless equitable tolling is justified.

To the extent Petitioner's claims relate to the 2017 adjudication proceedings, the one-year limitations period began to run under subsection (A) on the date the judgment adjudicating guilt became final upon expiration of the time that Petitioner had for filing a notice of appeal on Monday, September 11, 2017,[6] and expired one year later on September 11, 2018, absent any tolling. Petitioner's postconviction state habeas applications, all of which were filed after limitations had expired, did not operate to toll the limitations period for purposes of § 2244(d)(2). *Scott*, 227 F.3d

---

[5] 30 days from July 29, 2016, was August 28, 2016, a Sunday. Thus, Petitioner had until Monday, August 29, 2016, to file a notice of appeal.

[6] 30 days from August 11, 2017, was September 10, 2017, a Sunday. Thus, Petitioner had until Monday, September 11, 2017, to file a notice of appeal.

at 263. Thus, Petitioner's federal petition is time barred as to any such claims unless equitable tolling is justified.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). A habeas petitioner attempting to overcome the expiration of the statute of limitations by showing actual innocence is required to produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 569 U.S. at 386 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)).

Petition makes no attempt to explain his delay. And, although actual innocence, if proved, can overcome the statute of limitations, arguably Petitioner waived any such claim by entering a voluntary and knowing guilty plea to the offense. *See United States v. Vanchaik-Molinar,* 195 Fed. App'x 262, 2006 WL 2474048, at *1 (5th Cir. 2006) ("A voluntary guilty plea waives all non-jurisdictional defects that occurred prior to the plea and precludes consideration of a claim challenging the sufficiency of the evidence."); *Leatherman v. Davis,* No. 4:19-CV-086-O, 2019 WL 4261752, at *3 (N.D. Tex. Sept. 9, 2019), *cert. denied,* --- S. Ct. ---, 2021 WL 769738 (Mar. 1, 2021). Even if *McQuiggin* applies in the context of a guilty plea, Petitioner has not made any showing, much less a colorable showing, that he is actually innocent in light of "new evidence."

Absent any applicable tolling, Petitioner's federal petition was due on or before August 29, 2017, as to his claims relevant to the original plea proceedings, and due on or before September 11,

2018, as to his claims relevant to the adjudication proceedings. His petition filed on October 19, 2020, is therefore untimely in all respects.

### III. CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED** as time barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 5th day of May, 2021.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**